UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jenee K. Ciccarelli, Esq. JC/0693
Ciccarelli Law, PC
239 New Road, Building A, Suite 301
Parsippany, New Jersey 07052
Phone: 973-737-9060
Fax: 973-619-0023
jenee@jc-lawpc.com
Attorney for Debtors

In Re:

Katherine A. Gokce and Mutlu Gokce.,

**Chapter 13**

Case No.: 18-29494

Honorable Stacey L. Meisel

Hearing: May 26, 2022

## SUPPLEMENTAL CERTIFICATION IN SUPPORT OF DEBTOR'S APPLICATION TO APPROVE THE LOAN MODIFICATION

The above-named Debtor, by and through their attorney of record, Jenee K. Ciccarelli, Esq. of Ciccarelli Law, P.C., hereby responds and in support thereof presents the Certification of Jenee K. Ciccarelli, Esq. and shows unto the Court the following:

1. A true and correct copy of the Promissory Note and Partial Claim Mortgage is attached hereto as **Exhibit A**.

2. A partial claim, generally speaking, is a loss mitigation tool that is part of the FHA-HAMP waterfall used by an investor of an FHA Loan to restructure the defaulted loan and create an affordable payment. Generally speaking, a partial claim can be no more than 30% of unpaid principal of a loan at the time of default, is 0% interest, requires no monthly

mortgage payment, is due at maturity of the modified loan or at the time of sale and payable

directly to HUD. In fact, when a payoff is requested, it is requested directly from HUD,

not from the servicer. There is an FHA number located at the top of the partial claim for

that purpose and the lender is defined in the document as the Secretary of Housing and

Urban Development.

3.   To more directly address the Court's concerns:

    a.   Will the $76,818.53 which Ms. Gokce is borrowing from HUD be paid directly
        to The Money Store?
         i.   No.
    b.   Recognizing that Ms. Gokce owed prepetition arrears to The Money Store
        amounting to $97,105.27 (based on Proof of Claim #14), specifically what arrears
        does the $76,818.53 cover?
         i.   The Proof of Claim will be amended down to $0 after the loan
           modification is accepted. The Debtor will be fully current.
         ii.   The total amount due on the loan was bifurcated into the original modified
           mortgage (#1 first mortgage) and the partial claim (#2 second mortgage).
    c.   With payment of the $76,170.50 and the increase in the amount of Ms. Gokce's
        mortgage loan with The Money Store from $324,022.00 to $390,021.30, will the
        debtors be current on their mortgage loans as of June 1, 2022?
         i.   Yes, the Debtors will be fully current with this modification.
    d.   Does the Note with HUD require payment by Ms. Gokce by a specific date?
         i.   Yes, the note is due and payable on May 1, 2052 or at the time of sale of
           the property.

4.   I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 25, 2022                        /s/Jenee K. Ciccarelli
                                          Jenee K. Ciccarelli, Esq.

# EXHIBIT A

Loan No.:        7043
Investor Loan No.:      3061

FHA Case No.:      )800

# PROMISSORY NOTE

March 16th, 2022

122 RIDGE RD, WEST MILFORD, New Jersey 07480

## 1.  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns.
"Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

## 2.  BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of seventy six
thousand eight hundred eighteen and 53/100 Dollars (U.S. $76,818.53), to the order of the Lender.

## 3.  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is
dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender
from losses which might result if Borrower defaults under this Note.

## 4.  MANNER OF PAYMENT

### (A) Time

On  May 1st, 2052      or, if earlier, when the first of the following events occurs:

(i)    Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust
or similar Security Instruments insured by the Secretary, or

(ii)   The maturity date of the primary Note has been accelerated, or

(iii)  The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer
insured by the Secretary.

### (B) Place

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance
Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may
designate in writing by notice to Borrower.

## 5.  BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or
penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the
monthly payment unless Lender agrees in writing to those changes.

**MULTISTATE SUBORDINATE NOTE**

Page 1 of 2
Rev.07/13

Loan No.:        7043

## 6.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

3/29/22
Date

_____(Seal)
KATHERINE A. GOKCE          –Borrower


_____          _____(Seal)
Date          –Borrower


_____          _____(Seal)
Date          –Borrower


_____          _____(Seal)
Date          –Borrower

**After Recording Return To:**
RUTH RUHL, P.C.
Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

_____[Space Above This Line For Recording Data]_____

| Loan No.: | 7043 | | | |
|---|---|---|---|---|
| Investor Loan No.: | 3061 | | FHA Case No.: | )800 |

# PARTIAL CLAIM MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on March 16th, 2022. The Mortgagor is KATHERINE A. GOKCE, MARRIED, whose address is 122 RIDGE RD, WEST MILFORD, New Jersey 07480 ("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose principal office and mailing address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of seventy six thousand eight hundred eighteen and 53/100 Dollars (U.S. $76,818.53). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on May 1st, 2052. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 2 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. The maximum principal amount secured by this Security Instrument is $76,818.53. For these purposes, Borrower does hereby mortgage, warrant, grant and convey to the Lender the following described property located in PASSAIC County, New Jersey:

First Lien Mortgage Information: Dated April 23rd, 2014 and recorded in Book M13051, Page 37, Instrument No. 2014017959.

Loan No.:        7043

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of 122 RIDGE RD, WEST MILFORD, New Jersey 07480.

("Property Address");

        TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

        BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

        THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

        Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

        **1.    Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

        **2.    Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

        **3.    Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

Loan No.:      7043

    **4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

    **5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

    **6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

    NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

    **7. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property; (e) the Borrower's right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure; and (f) any other disclosure required under the Fair Foreclosure Act, codified at §§ 2A:50-53 et seq. of the New Jersey Statutes, or other Applicable Law. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.**
    **If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.)** by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or Applicable Law.

    **8. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

    **9. No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

Loan No.:        7043

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_3/29/22_____        _____(Seal)
Date                                    KATHERINE A. GOKCE              –Borrower

_____        _____(Seal)
Date                                                                   –Borrower

_____        _____(Seal)
Date                                                                   –Borrower

_____        _____(Seal)
Date                                                                   –Borrower

_____[Space Below This Line For Acknowledgment]_____

State of NEW JERSEY        §
                          §   ss:
County of ESSEX           §

On this March 29 , 2022 , before me, the subscriber, personally appeared
KATHERINE A. GOKCE

the person(s) named in and who executed the within instrument, and thereupon acknowledged that he/she/they signed, sealed and delivered the same as his/her/their act and deed, for the purposes therein expressed.

_____
Notary Public

_____
Type or Print Name of Notary

My Commission Expires: _____

**NYRVA REDMOND**
**NOTARY PUBLIC OF NEW JERSEY**
**My Commission Expires 11/19/2024**